IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| WEALTH STREET CAPITAL, LLC, | § § | |
| Plaintiff, | § § | Civil Action No..: |
| V. | § § | Division: |
| | § | Judge: |
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, | § § § | Magistrate Judge: |
| Defendant. | § § | |

## COMPLAINT

NOW INTO COURT, comes Plaintiff, Wealth Street Capital, LLC ("Wealth Street"), appearing herein through undersigned counsel, who files this Complaint against Defendant, Certain Underwriters at Lloyd's, London ("Insurer") on the grounds set forth below:

## PARTIES

1.

Wealth Street Capital, LLC is a limited liability company whose members are all domiciled in Texas, and at all times relevant was the owner of properties located in this judicial district at the following municipal addresses: Building 1—200 Bower Drive, Bridge City, TX 7761, Building 2—200 Bower Drive, Bridge City, TX 77611, Building 3—200 Bower Drive, Bridge City, TX 77611, Building 4—200 Bower Drive, Bridge City, TX 77611, Building 5—200 Bower Drive, Bridge City, TX 77611, and Building 6—200 Bower Drive, Bridge City, TX 77611 (the "Properties").

2.

Insurer is a surplus lines carrier not licensed to transact insurance in the State of Texas. Insurer is a citizen of the United Kingdom and its principal place of business is the United

Kingdom. Insurer may be served with personal service by a process server, by serving its Attorney for Service, Mendes and Mount located at 750 Seventh Avenue, New York, New York 10019.

## JURISDICTION AND VENUE

3.

This action arises out of Insurer's denial of Wealth Street's complete flood insurance claim made under policy number 0895/REO702 (the "Policy").

4.

This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1332 due to the complete diversity of the parties, and that the amount in controversy exceeds the jurisdictional threshold of $75,000.00, exclusive of interest and cost.

5.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to the claim occurred in this judicial district.

## FACTUAL BACKGROUND

6.

In late-August 2017, long-duration flooding (the "Flood") devastated large segments of Texas, including causing physical damages to Wealth Street's Properties located at the following municipal addresses:  Building 1—200 Bower Drive, Bridge City, TX 7761, Building 2—200 Bower Drive, Bridge City, TX 77611, Building 3—200 Bower Drive, Bridge City, TX 77611, Building 4—200 Bower Drive, Bridge City, TX 77611, Building 5—200 Bower Drive, Bridge City, TX 77611, and Building 6—200 Bower Drive, Bridge City, TX 77611.

7.

Wealth Street maintained a flood insurance policy issued by Insurer on the Properties. Wealth Street paid all premiums when due and the Policy issued by Insurer was in full force and effect at the time of the Flood.

8.

On the date of the loss, the Flood damaged Wealth Street's Properties and personal property located therein. Complying with its insurance policy provisions, Wealth Street timely reported these losses to Insurer.

9.

Insurer hired and sent an adjuster to Wealth Street's Properties, and that adjuster, together with Insurer's approval, prepared damage estimates that failed to comply with the provisions of the Policy, Insurer's general company claims handling standards, procedures, and claims manuals.

10.

Ultimately, Wealth Street realized that numerous covered items had been omitted or underpaid by Insurer.

11.

Because Insurer's payments failed to adequately compensate Wealth Street for all covered losses, Wealth Street retained independent experts to evaluate the extent of the flood loss caused by and from flood.

12.

The independent experts found conclusive evidence that the Flood critically damaged Wealth Street's covered Properties in an amount and scope far greater than was found by Insurer's adjuster.

13.

These covered damages were thoroughly documented and the supporting documentation, including a room-by-room, line-by-line unit cost damage estimate, was submitted to Insurer for review.

14.

Despite receipt of documentation evidencing Insurer's substantial underpayment, Insurer chooses to unfairly and improperly persist in denying these claims, which are due under the Policy.

15.

Wealth Street complied with all conditions precedent prior to the filing of this lawsuit.

## **CAUSES OF ACTION**

16.

Insurer's conduct gives rise to the following causes of action:

a. **Breach of Contract**

17.

Wealth Street repeats, reiterates, and re-alleges each and every allegation set forth in the paragraphs above as if fully set forth herein.

18.

Wealth Street and Insurer entered into an insurance contract when Wealth Street purchased and Insurer issued the Policy.

19.

The Policy, at all times relevant and material to this case, provided flood insurance coverage to Wealth Street for, among other things, physical damage to the Properties by and from flood.

20.

Wealth Street fully performed under the contract by paying all premiums when due, satisfying all Policy requirements, and cooperating with Insurer during the flood insurance claim at issue in this lawsuit. Wealth Street complied with all conditions precedent to recovery by paying all Policy premiums when due, timely notifying Insurer of the covered loss, and by providing satisfactory proof of loss.

21.

This is an action for damages as a result of Insurer's breach of the Policy.

22.

Insurer materially breached the insurance contract when it wrongly failed to pay Wealth Street the remaining amount due for damages directly caused to the Properties by or from Flood. Insurer also breached the insurance contract by failing to perform the obligations it owed under the Policy.

23.

By its various breaches of contract, including its failure to pay Wealth Street for its covered losses, Insurer is liable to and owes Wealth Street for the actual damages sustained as a foreseeable and direct result of the breach, and all costs associated with repairing and/or replacing the covered property in accordance with the Policy, together with interest and all other damages Wealth Street may prove as allowed by law, including any and all extra-contractual damages allowed by law.

    **b.** **Violations of the Texas Insurance Code**

24.

Wealth Street repeats, reiterates, and re-alleges each and every allegation set forth in the paragraphs above as if fully set forth herein.

25.

Tex. Ins. Code § 541 prohibits Insurer from engaging in unfair settlement practices with respect to a claim by an insured or beneficiary.

26.

Insurer knowingly violated Tex. Ins. Code § 541.060 by:

(a) misrepresenting the extent of flood damage covered under the Policy;

(b) failing to attempt in to effectuate a prompt, fair, and equitable settlement of Wealth Street's claim;

(c) failing to promptly provide Wealth Street with a reasonable explanation of the basis in the policy for Insurer's denial of a claim or offer of a compromise settlement of a claim; and

(d) failing within a reasonable time to affirm or deny coverage of a claim to a policyholder.

27.

Insurer knowingly violated Tex. Ins. Code § 541.152 by:

(a)  making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact.

(b) misrepresenting the true value of the covered loss.

28.

Because Insurer knowingly violated the foregoing provisions of the Texas Insurance Code, Wealth Street sustained actual damages in excess of Policy limits, and are entitled to exemplary and/or treble damages under Tex. Ins. Code § 541.152.

### c. Violations of the Texas Deceptive Trade Practices Act

29.

Wealth Street repeats, reiterates, and re-alleges each and every allegation set forth in the paragraphs above as if fully set forth herein.

30.

Tex. Bus. & Com. Code § 17.50(a)(3) prohibits Insurer from making false, misleading, or deceptive acts which are an unconscionable action or course of action.

31.

Insurer (i) accepted insurance premiums, but refused without a reasonable basis to pay benefits due and owing, (ii) engaged in an unconscionable action or course of action prohibited by the Tex. Bus. & Com. Code § 17.50(a)(3) by Insurer taking advantage of the insured's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, (iii) resulting in a gross disparity between the consideration paid in the transaction and the value received.

32.

As a result of Insurer's violations of the Texas Deceptive Trade Practices Act, Wealth Street is entitled to the full extent of exemplary and/or treble damages under Tex. Bus. & Com. Code § 17.50(d).

### d. Breach of Duty of Good Faith and Fair Dealing

33.

Wealth Street repeats, reiterates, and re-alleges each and every allegation set forth in the paragraphs above as if fully set forth herein.

34.

Insurer owes Wealth Street a duty of good faith and fair dealing.

35.

Insurer breached its duty of good faith and fair dealing by committing the acts described above as violations of the Texas Insurance Code and Texas Deceptive Trade Practices Act.

36.

Because of Insurer's breach, Wealth Street is entitled to recovery for any and all actual damages sustained as a foreseeable and direct result of the breach, and all costs associated with repairing and/or replacing the covered property in accordance with the Policy, together with interest and all other damages Wealth Street may prove as allowed by law, including any and all extra-contractual damages allowed by law.

## **ATTORNEY'S FEES**

37.

Wealth Street repeats, reiterates, and re-alleges each and every allegation set forth in the paragraphs above as if fully set forth herein.

38.

Wealth Street is entitled to reasonable attorney's fees in this case pursuant to Tex. Civ. Prac. & Rem. Code §§ 38.001–38.003, Tex. Bus. & Com. Code § 17.50(d), and/or Tex. Ins. Code §§ 541.152, 542.060.

## **PRAYER FOR RELIEF**

39.

WHEREFORE, Wealth Street respectfully requests that this Court enter judgment in Wealth Street's favor for all such amounts proved at trial, for expenses, for pre-judgment and post-judgment interest as provided by law, and for all other relief this Court may deem just and proper.

Respectfully submitted,

**PANDIT LAW FIRM, L.L.C.**

BY: */s/ Phillip N. Sanov*
PHILLIP N. SANOV,   Tx. Bar No. 17635950
*Attorney-in-charge*
RAJAN PANDIT,        La. Bar No. 32215
                     Fed. ID 1070660
JOHN D. CARTER,      La. Bar No. 24334
                     Fed. ID 1058771
HENRY J. ROTH,       La. Bar No. 37526
                     Fed. ID 3364439
JESSIE B. CALLAHAN, La. Bar No. 38153
                     Fed. ID 3381369

One Galleria Tower
2700 Post Oak Blvd., 21st Floor
Houston, TX 77056
Telephone: (800) 615-3046
Facsimile: (504) 313-3820
Email: psanov@panditlaw.com
***COUNSEL FOR PLAINTIFF***